UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    CASE NO. 8:23-cr-00342-JSM-SPF

LUIS CARLOS DIAZ MARTINEZ,

    Defendant.
_____/

**MOTION TO DISMISS FOR VIOLATION OF THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL OR, IN THE ALTERNATIVE, MOTION TO SEVER**

COMES NOW, the Defendant, LUIS CARLOS DIAZ MARTINEZ, moves to dismiss the indictment in this matter based on the violation of his Sixth Amendment right to a speedy trial or, in the alternative, moves to sever his case for trial from that of his co-defendants pursuant to Fed. R. Crim. P. 14(a).

**I. Procedural History**

The record shows that the original indictment was returned under seal on September 28, 2023. Dkt. 1. A superseding indictment followed on December 7, 2023, and remained sealed until March 15, 2024. Dkt. 57. Defendant asserts that he was arrested abroad on or about November 27, 2023, and remained detained pending extradition. The docket reflects his first federal arrest and appearance in the Middle District of Florida on March 14, 2025. Dkt. 87.

Trial was initially set for May 5, 2025, but was continued to the November 2025 trial docket pending the extradition of co-defendants. The result is that Defendant has been incarcerated for nearly two years since the initial indictment and almost twenty months since the superseding indictment.

**II. Legal Standards**

A. Sixth Amendment

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI.

Under *Barker v. Wingo*, 407 U.S. 514 (1972), courts balance the length of delay, reasons for delay, defendant's assertion of his right, and prejudice to determine whether the right to a speedy trial has been violated. Here, all four factors weigh strongly in Defendant's favor, requiring dismissal.

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-factor balancing test:

1. Length of the delay;

2. Reason for the delay;

3. Defendant's assertion of the right; and

4. Prejudice to the defendant.

No single factor is controlling; instead, courts consider them together in light of the total circumstances. *Barker*, 407 U.S. at 530. A dismissal of the indictment is the appropriate remedy for a constitutional violation. *Strunk v. United States*, 412 U.S. 434, 440 (1973).

The Eleventh Circuit consistently applies *Barker* when reviewing speedy trial claims. *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003); *United States v. Villarreal*, 613 F.3d 1344, 1350 (11th Cir. 2010).

B. Relief from Prejudicial Joinder

Rule 14(a) of the Federal Rules of Criminal Procedure states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Interpreting Rule 14(a), courts hold, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Severance is "allowed upon a showing of real prejudice to an individual defendant." *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010) (quoting *United States v. Bostic*, 713 F.3d 401, 403 (8th Cir. 1983)). "'A defendant can show real prejudice either by showing that his defense is irreconcilable with the defense of his codefendant . . . or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants.'" *Sandstrom*, 594 F.2d at 644 (quoting *United States v. Shivers*, 66 F.3d 938, 940 (8th Cir. 1995)).

## III. Legal Argument

### *BARKER* FACTORS WEIGH IN FAVOR OF DISIMISSING THE INDICMENT

### A. Length of the Delay

Courts generally find delays exceeding one year presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Here, nearly two years have elapsed since indictment, and 20 months since the superseding indictment, triggering full *Barker* analysis.

### B. Reason for the Delay

Delays caused by the government weigh heavily against it, particularly where the defendant did not consent. *Villarreal*, 613 F.3d at 1351. "But the government's failure to pursue a defendant diligently will weigh against it, more or less heavily depending on if the government acted in good or bad faith." *See United States v. Ingram,* 446 F.3d 1332, 1336 (11th Cir. 2006) at 1339-40." Here, the Defendant did not request or agree to a continuance. However, the "Court has determined this trial should be continued to a later trial term, pending the extradition of the co-defendants, in order to conserve judicial resources and conduct trial for all remaining co-defendants at the same time." Dkt. 111. Further, the Defendant was interviewed as early as June 2, 2023 but was not arrested in the Middle District of Florida until March 14, 2025. This clearly shows the government's failure to pursue this defendant diligently.

### C. Assertion of the Right

A defendant's repeated assertions of the speedy trial right strongly favor dismissal. *Barker*, 407 U.S. at 531–32. Here, the Defendant never waived his constitutional right to a speedy trial. Instead, the delay in bringing this case to trial arose primarily from the extradition of co-defendants from Colombia to the United States, a process entirely outside the Defendant's control.

D. Prejudice to the Defendant

Pretrial incarceration, anxiety, and impairment of the defense are all relevant forms of prejudice. *Doggett*, 505 U.S. at 654. Extended detention since late 2023, combined with fading witness memories, demonstrates actual and presumed prejudice.

## SEVERING THE TRIAL

E. The Court Should Sever Mr. Diaz Martinez' Case As The Jury Will Be Unable to Compartmentalize the Evidence as it Relates to Mr. Diaz Martinez

Here, the record shows that the government's case involves a sprawling conspiracy involving multiple co-defendants, overlapping relationships, and extensive evidence concerning drug trafficking, GPS tracking devices, and alleged international smuggling operations. Yet, as the DEA interview reflects, Mr. Diaz Martinez's alleged role was limited: he allegedly introduced a family member to one alleged co-conspirator, attended a social gathering where others discussed operations without him, and was allegedly briefly involved in delivering a single tracking device before withdrawing from any further acts. Additionally, Mr. Diaz

Martinez has a contentious history with his brother-in-law and government informant, Gustavo Castro-Fantalvo. The circumstances suggest that Mr. Castro-Fantalvo may have targeted Mr. Diaz Martinez in retaliation for ongoing legal proceedings involving Mr. Castro-Fantalvo's wife—who is Mr. Diaz Martinez's sister—and their child, the nephew of Mr. Diaz Martinez.

The problem is that at a joint trial, the jury will hear voluminous evidence regarding activities of other alleged co-conspirators—including meetings, recordings, informants, and foreign investigations—that do not directly implicate Mr. Diaz Martinez.

No limiting instruction can realistically prevent the jury from using the extensive evidence about drug trafficking networks and Colombian naval corruption against Mr. Diaz Martinez, even though his alleged conduct is minor and discrete compared to his co-defendants. As the Supreme Court noted in *Krulewitch v. United States*, 336 U.S. 440, 453 (1949) (Jackson, J., concurring), "the naive assumption that prejudicial effects can be overcome by instructions to the jury… all practicing lawyers know to be unmitigated fiction." See *Skidmore* v. *Baltimore & Ohio R. Co.,* 167 F.2d 54.

Because of the massive disparity between the allegations against the co-defendants and the limited, largely peripheral evidence relating to Mr. Diaz Martinez, a joint trial would deny him due process and a fair determination of guilt. Severance is therefore necessary under Rule 14(a) to protect his right to a fair trial.

F. Exculpatory Testimony from Co-Defendant

Additionally, Mr. Diaz Martinez contends that joinder would prevent him from obtaining critical exculpatory evidence from co-defendant Zamir Munoz Barrios. According to a post-arrest interview, Mr. Barrios initially identified a messenger—later alleged to be Mr. Diaz Martinez—as the individual to whom he delivered both currency and a SPOT tracker However, Mr. Barrios has since admitted to Mr. Diaz Martinez that he misidentified the messenger. Specifically, Mr. Barrios recalled meeting with a man who had visible tattoos on his arm, a physical characteristic that Mr. Diaz Martinez does not possess. Despite this admission, Mr. Barrios has thus far declined to sign an affidavit memorializing his statement due to his own pending charges.

A defendant arguing for severance on the ground that it will permit the exculpatory testimony of a co-defendant must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant would have testified at a separate trial. *United States v. Cobb,* 185 F.3d 1193, 1197-98 (11th Cir.1999).

Mr. Diaz Martinez has a genuine need for Mr. Barrios's testimony because Mr. Barrios is the only witness who can clarify that he mistakenly identified Mr. Diaz Martinez as the messenger involved in delivering currency and a SPOT tracker. Without this testimony, the government's version of events would go unchallenged, leaving the jury with an incorrect and highly prejudicial narrative.

The anticipated testimony is specific and material. According to Mr. Diaz Martinez, Mr. Barrios has admitted to him that the messenger he referred to in his statements to law enforcement was not Mr. Diaz Martinez but another individual. This testimony would directly refute a central component of the government's case linking Mr. Diaz Martinez to the alleged conspiracy.

The testimony would be plainly exculpatory. If Mr. Barrios testifies that he misidentified the messenger, it would undermine the government's theory tying Mr. Diaz Martinez to the delivery of critical materials in the conspiracy. This could substantially weaken or even destroy the prosecution's case against Mr. Diaz Martinez, satisfying the requirement that the testimony be not only relevant but also exonerating in effect.

If severance were granted, Mr. Barrios may be available and willing to testify at Mr. Diaz Martinez's separate trial.

All four *Cobb* factors weigh in favor of severance. A joint trial deprives Mr. Diaz Martinez of highly material, exculpatory testimony from Mr. Barrios that could only be obtained if the trials were separated. Accordingly, severance is necessary to protect Mr. Diaz Martinez's right to mount a complete defense.

## IV. Conclusion

All *Barker* factors weigh in Defendant's favor. The nearly two-year delay, lack of valid justification, and resulting prejudice establish a clear violation of the Sixth Amendment right to a speedy trial. Accordingly, Defendant respectfully requests that this Court dismiss the indictment with prejudice.

Alternatively, should the Court deny the Motion to Dismiss, the Defendant respectfully requests that the Court sever Mr. Diaz Martinez's trial to protect his right to a fair trial and to safeguard his Sixth Amendment right to confrontation.

## CERTIFICATION OF OPPOSITION FROM COUNSEL FOR THE UNITED STATES

Defense Counsel has consulted with the Assistant United States Attorney, and there is an objection to the instant motion.

WHEREFORE, Defendant respectfully requests this Honorable Court grant Defendant's Motion to Dismiss or, in the alternative, Motion to Sever and any other remedy this Honorable Court deems just and necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 29th day of September, 2025:

AUSA Lauren Stoia
Lauren.Stoia@usdoj.gov

Respectfully submitted,

KOTLER LAW FIRM

**/s/ Yuli Kotler**
Yuli Kotler, Esq.
FL Bar No. 109505
PO Box 22411
St. Petersburg, FL 33742
(732) 690-3025

kotlery@yahoo.com
Attorney for the Defendant