UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:23-cr-342-JSM-SPF

LUIS CARLOS DIAZ MARTINEZ

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
MOTION TO SEVER**

The Government opposes Luis Carlos Diaz Martinez's Motion to Dismiss for

Violation of the Sixth Amendment Right to a Speedy Trial or, in the Alternative,

Motion to Sever (Doc. 178). Any delay here stems from Martinez's timely

extradition from Colombia. And his request for severance is likely moot and not

warranted in this conspiracy case.

**I.    Background**

*a. Facts of the Case*

This case involves the covert placing of SPOT trace trackers—satellite GPS

trackers—on Colombian Naval ships by members of the Colombian Navy. Like the

United States Coast Guard, the Colombian Navy serves a drug interdiction function.

By placing SPOT trackers on naval ships, these Navy officers could tip off drug

traffickers on the best routes to send their cargo. Martinez recruited members of the

Navy to be a part of this scheme. In a voluntary interview in 2023, Martinez told

DEA agents that he knew that a third party approached Martinez's codefendant

(Cesar Romero-Caballero) about Romero recruiting active-duty Navy members to

place SPOT trackers on Navy vessels. Martinez also said that it was obvious that the location tracking information would be used by drug trafficking organizations. Martinez then introduced his brother-in-law to Romero in an attempt to recruit his brother-in-law to the scheme. Diaz and Romero promised Diaz's brother-in-law a finder's fee for recruiting Navy personnel. Diaz's meetings with his brother-in-law were recorded by his brother-in-law at the direction of Colombian law enforcement.

*b. Procedural History*

Martinez—along with his codefendants—were indicted by a grand jury on September 28, 2023. The Government superseded its indictment on December 7, 2023. After that, the Government worked to extradite Martinez from Colombia to the United States. The U.S. Government cabled a provisional arrest warrant ("PAW") to the Colombian government on October 26, 2023 (a few weeks after indictment) and Colombia formalized that PAW on October 31, 2023.[1] Martinez was then arrested in Colombia on November 27, 2023. Colombia formalized the extradition packet on January 22, 2024. The Colombian Supreme Court signed off on the extradition on December 4, 2024, and Colombia then surrendered Martinez to the United States. Martinez had his initial appearance in the Middle District of Florida on March 14, 2025. *See* Doc. 87. The next month, the Court continued trial

---

[1] The process of sending an extradition request to a foreign country is a multi-step process. It requires review of all documents by the Department of Justice's Office of International Affairs and translation into the relevant language. Once approved, these documents are submitted to the Department of State. The request then treads through the extraditing country's internal legal process. *See generally*, Justice Manual § 9-15.000 et seq. (International Extradition and Related Matters), *available at* https://www.justice.gov/jm/jm-9-15000-international-extradition-and-related-matters.

until November 2025, finding that "the ends of justice [are] served by the continuance" and "excluded" the time of the continuance "from the speedy trial calculation." Doc. 111 at 1.

## II.    Argument

### a.    This extradition case presents no violation of the Sixth Amendment.

Any delay in bringing Martinez to trial has not violated Martinez's Sixth Amendment right to a speedy trial. When analyzing a Sixth Amendment speedy trial claim, the Court considers "four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether and how the defendant asserted his speedy trial right; and (4) prejudice to the defendant." *United States v. Knowles*, 390 F. App'x 915, 929 (11th Cir. 2010) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). These factors, taken together, do not weigh in favor of dismissal. And Martinez cannot make out the fourth factor, actual prejudice.

"[T]he length of delay" exceeds one year, so that "serves [as the] triggering function" to "conduct the remainder of the analysis" under *Barker. United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999)). The length of delay then becomes an factor to weigh in the analysis. But despite this factor triggering the *Barker* analysis, the length of delay "doesn't weigh heavily against the Government" because the Government has "a valid excuse" for the delay—Martinez's extradition from Colombia. *United States v. Stapleton*, 39 F.4th 1320,1327 (11th Cir. 2022) (waiting four years for a more favorable extradition framework was "diligent[] and in good faith"). About seventeen months and one week elapsed between Martinez's indictment (on

September 29, 2023) and his initial appearance (on March 13, 2025). Because the Government had a good reason for this delay, the Court should not hold this factor heavily against the Government. *United States v. Vargas*, 97 F.4th 1277, 1295 (11th Cir. 2024) (holding that the Court was "unwilling to hold the government's thirty-five-month delay heavily against it").

Martinez cannot establish any of the remaining factors. The second factor—"the reason for the delay"—does not strike against the Government. The only reason for any delay here is the need to extradite Martinez and his codefendants from Colombia. "Delay due to extradition does not weigh against the Government where the Government moves with reasonable alacrity in seeking extradition." *United States v. Allam*, 2023 WL 8828888, at *9 (E.D.N.Y. Dec. 21, 2023). The Government started the extradition process promptly after receiving an indictment against Martinez. This District routinely hears cases against extradited defendants—and those cases are not dismissed for speedy trial violations merely because the defendant was extradited. The same result should accord here. *United States v. Vazquez–Uribe,* 426 F. App'x 131, 137–38 (3d Cir. 2011) (concluding, in case involving 6–year delay between indictment and extradition, that second *Barker* factor did not favor defendant because "delay was principally a function of the different factions that were involved" and that "the [United States] government assiduously collaborated with foreign and multinational law enforcement agencies in its efforts to locate" the defendant); *United States v. Lawrence*, 2013 WL 6388455, at *4 (S.D. Tex. Dec. 6, 2013) (holding that delay that was "a function of the Nigerian legal process" in

extradition from Nigeria was not attributable to the United States); *United States v. Ramirez*, 2021 WL 5415295, at *2 (holding that delays "attributable to . . . the extraditing country's laws and procedures do not count against the Government."). There is no evidence that the Government acted in bad faith or deliberately stalled Martinez's extradition, nor even any evidence that the Government acted negligently. Instead, the Government moved promptly and had a valid reason for delay: extradition proceedings from Colombia. And "a valid reason . . . should serve to justify appropriate delay." *Barker*, 407 U.S. at 531.

When analyzing this factor, Martinez's motion makes no mention of the fact that he was extradited. Instead, he merely claims that the "[d]elays [were] caused by the government." He cites *United States v. Ingram*, 446 F.3d 1332 (11th Cir. 2006), a case that involved an agent who "made some minimal efforts" to find a defendant over an almost two-year period. 446 F.3d at 1335. *Ingram* does not track this case; the Government promptly worked to extradite Martinez. And the conclusory argument that "[d]elays [were] caused by the government" does not say anything about the *weight* these delays should be given. But circuit precedent holds that "delays attributable to seeking the assistance of a foreign government . . . weigh minimally against the government." *United States v. Jimenez*, 756 F. App'x 933, 938 (11th Cir. 2018) (analyzing cases).[2] This factor does not weigh heavily against the

---

[2] Martinez also argues that a post-arrest delay to assure the arrival of his codefendants violates his speedy trial rights. Doc. 178 at 4. Again, circuit precedent weighs this factor minimally (if at all) against the Government. *United States v. Davenport*, 935 F.2d 1223, 1239-40 (11th Cir. 1991), held that a delay of almost two years "inherent to the government's good faith effort to conduct a complex . . . trial involving nineteen codefendants" in a manner consistent with this Circuit's

Government.

Second, Martinez did not promptly assert his speedy trial right, so that factor "clearly cuts against" Martinez. *Knowles*, 390 F. App'x at 929. Martinez did not assert his right to a speedy trial in the United States until this motion—months after his initial appearance, months after the Court originally continued his case, and as trial approached. *Cf. United States v. Schlei*, 122 F.3d 944, 988 (11th Cir. 1997) (holding that "[a] defendant's failure to assert his Sixth Amendment right to a speedy trial before the day of trial weighs heavily against the defendant."); *Lawrence*, 2013 WL 6388455, at *4 (weighing factor as "neutral or possibly, at best, . . . slightly in [defendant's] favor," where defendant asserted right ten days after indictment but "delayed the . . . prosecution by fighting the extradition"). This delay in assertion strikes against Martinez's argument that the Government violated his speedy trial right [3]

Martinez argues that he "never waived his constitutional right to a speedy trial," but this factor concerns Martinez's *assertion* of his right to a speedy trial. The Government is not aware of any assertion of this right until this motion, 201 days after his initial appearance. This monthslong delay means that this factor is, at best, neutral. *Cf. United States v. Lamar*, 562 F. App'x 802, 806 (11th Cir. 2014) (holding

_____

"judicial policy favoring joint trials" in conspiracy cases provided "at worst, neutral reasons" for the delay."

[3] Martinez says that "nearly two years have elapsed since indictment" by calculating the delay up to the date of his motion. Doc. 178 at 4. The months since Martinez's initial appearance fall under the Court's valid ends of justice finding. Martinez's failure to assert his speedy trial right added several months to this calculation. That additional time should not be held against the Government.

that finding that "the assertion factor was neutral" because the defendant "asserted his right to a speedy trial approximately three months after he was arrested" was not clearly erroneous).

Third, and in any event, Martinez has not demonstrated actual prejudice. "[U]nless the first three *Barker* factors all weigh heavily against the government," (they do not), "the defendant[] must demonstrate actual prejudice." *United States v. Mitchell*, 769 F.2d 1544, 1547 (11th Cir. 1985). To show actual prejudice, a defendant must demonstrate (1) oppressive pretrial incarceration, (2) his own anxiety and concern, or (3) the possibility that his defense was impaired because of the delay. *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003). Conclusory allegations cannot establish actual prejudice. *United States v. Hayes*, 40 F.3d 362, 366 (11th Cir. 1994). Martinez points only to "pretrial incarceration, anxiety and impairment of the defense" (Doc. 178 at 5) without elaborating on how any of these factors are in fact prejudicial. Merely repeating a holding from *Doggett v. United States*, 505 U.S. 647, 654 (1992) without explaining its application to this case is the kind of conclusory allegation that cannot establish actual prejudice. *Stapleton*, 39 F.4th at 1327 (holding that failure to argue actual prejudice forfeits that argument). The defendant has pointed to no witnesses who are now unavailable as a result of any delay.[4] He has pointed to no potential witnesses who have lost memories of the events.[5] His

---

[4] While Martinez seeks to depose an arguably unavailable witness, *see* Doc. 189, that witness is located in Colombia—and would be unavailable even if the Government had arrested Martienz the day after his indictment.

[5] Even if he had, "[f]ading memories . . . are insufficient for a particularized showing of prejudice."

conclusory allegation of anxiety (even if supported), standing alone, "does not demonstrate prejudice." *United States v. Ogiekpolor,* 122 F.4th 1296, 1308 (11th Cir. 2024) (cleaned up). And he has not explained how his incarceration in Colombia prejudiced him. *Ramirez,* 2021 WL 5415295, at *4 (holding that allegations that defendant "suffer[ed] from horrendous conditions of incarceration" were "conclusory assertion[s]" that would "not suffice" to establish prejudice).

The balance of these factors support denying Maritnez's motion. The reason for delay here was extradition from Colombia. No factor weighs strongly against the Government, and Martinez has shown no prejudice and no reason to grant his Motion.

*    *    *

Martinez also briefly complains about the Court's April 2025 order that continued trial until November 2025. *See* Doc. 178 at 2; *id.* at 4 ("the Defendant did not request or agree to a continuance"). But the Court's April 2025 order contained a valid ends of justice finding. The Court based this finding on the need to "conserve judicial resources and conduct trial for all remaining co-defendants at the same time" after the remaining codefendants were extradited. Doc. 111. This finding was appropriate and does not constitute a speedy trial violation. *United States v. Murray*, 154 F. App'x 740, 746 n. 8 (11th Cir. 2005) (holding that a two-and-a-half-year continuance "did not amount to either a statutory or constitutional violation" of the

---

*Allam*, 2023 WL 8828888, at *12.

defendants' speedy trial rights where delay was caused by a co-defendant who fought extradition from Canada."); *see also United States v. Parga-Rivas*, 689 F. Supp. 2d 25, 28 (D.D.C. 2009) ("[T]he desirability of trying the co-defendants together—with its concomitant savings of trial preparation time, witness time, foreign travel, court time, and jurors' time—made it quite reasonable to await the arrivals of the remaining two defendants. This circumstance falls directly into the Speedy Trial Act exception.").

   b.   *Severance is inappropriate.*

Martinez's alternate motion for severance should also be denied.[6] "The preference in the federal system is for joint trials, and "[j]oint trials play a vital role in the criminal justice system." *Zafiro,* 506 U.S. at 537 (cleaned up). Thus, a court should only order severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* If a defendant seeks severance pursuant to Rule 14(a), he bears the burden of showing "specific and compelling" prejudice to his defense. *United States v. Schlei*, 122 F.3d 944, 983-84 (11th Cir. 1997). This is a "heavy burden." *United States v. Gray,* 2011 WL 3844082, at *3 (S.D. Fla. Aug. 26,2011) (citing *United States v. Francis,* 131 F.3d 1452, 1459 (11th Cir. 1997)). "It is not enough for the defendant to show that a separate trial on the severed count might offer him a better chance of acquittal." *United States v.*

---

[6] The Government understands that every other defendant in this case will plead guilty. Thus, in all likelihood, this request will be moot by Martinez's trial.

*Millan*, 2013 WL 5876176, at *1 (M.D. Fla. Oct. 30, 2013). Instead, a defendant

must "show prejudice amounting to fundamental unfairness." *United States v.*

*Knowles*, 66 F.3d 1146, 1159 (11th Cir. 1995). And, like alleged speedy trial

violations, a defendant cannot meet this burden through conclusory allegations.

*Francis*, 131 F.3d at 145.

Martinez cannot meet this standard. His argument appears to be a spillover

argument—that the jury will hear evidence of acts by coconspirators, and that is

unfair to Martinez. But Martinez is charged in a conspiracy, and the Government

must establish the conspiracy and its object at trial. Thus, evidence about Martinez's

coconspirators would be admissible regardless of severance. *See United States v.*

*Brown*, 2019 WL 1470202, at *5 (M.D. Fla. Apr. 3, 2019) (rejecting spillover-

severance argument where "it appear[ed] that the government would be permitted to

introduce evidence relating to [a codefendant] at a separate trial, as that evidence

would be relevant to establish the alleged conspiracy").

Martinez also claims that a codefendant, Zamir Munoz Barrios, would

exonerate him but that as a codefendant at trial Martinez could not compel his

testimony. That argument makes three errors. First, even if the trial were severed,

this codefendant would still enjoy a Fifth Amendment right against testifying.[7] *See*

---

[7] This will remain true even if Barrios's plea is accepted by the District Court, as "a defendant
retains the Fifth Amendment privilege against self-incrimination prior to sentencing, despite having
entered a guilty plea, because of the possible impact that compelled testimony may have on the
defendant's as yet undetermined sentence." *United States v. Kuku*, 129 F.3d 1435, 1438 (11th Cir.
1997).

*United States v. King,* 623 F. App'x 962, 967 (11th Cir. 2015). Second, counsel for the Government has conferred with Barrios's counsel, who confirms that he is not aware of any discussions about Barrios signing or considering an affidavit. And third, Barrios has executed a plea agreement and has a change of plea hearing scheduled. If his plea is accepted, any concern about Martinez's inability to call Barrios as a witness is moot. For its part, the government presently anticipates calling Barrios as a witness at trial.

## III.    Conclusion

The Motion should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    */s/ Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov

**U.S. v. Diaz Martinez**                    **Case No. 8:23-cr-342-JSM-SPF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 14, 2025, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to all counsel of record.

*/s/ Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov