UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:23-cr-342-JSM-SPF

LUIS CARLOS DIAZ MARTINEZ

## RESPONSE TO DEFENDANT'S MOTION FOR DEPOSITION

The defendant, Luis Carlos Diaz Martinez, moves to depose a witness who resides in Colombia by video conference. Martinez is, of course, permitted to put on his defense and call any otherwise-competent witness that he thinks is appropriate for that purpose.

But the witness resides outside of the United States, and that fact complicates the process for obtaining her testimony. There is a specific legal process that a defendant (or the United States) must follow when seeking evidence or testimony from witnesses in Colombia. In this instance, the defendant must request the deposition testimony through a letter rogatory. Martinez's motion does not show why that process could not (or should not) be followed here. Before granting the relief sought, the Court should ensure that Martinez complies with this process.

### I.    Background

#### a.   Facts of the Case

This case involves the covert placing of SPOT trace trackers—satellite GPS trackers—on Colombian Naval ship by members of the Colombian Navy. Like the United States Coast Guard, the Colombian Navy serves a drug interdiction function.

By placing these trackers on naval ships, these Navy officers could tip off drug traffickers on the best routes to send their cargo. Martinez was a part of this scheme.

       *b.  Procedural History*

Martinez—along with his codefendants—were indicted by a grand jury on September 28, 2023. The Government superseded its indictment on December 7, 2023. After that, the Government sought and obtained Martinez's extradition from Colombia to the United States. Martinez had his initial appearance before the Court on March 14, 2025. *See* Doc. 87.

## II.    Argument

Permission to take a deposition depends on "whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) counterveiling factors render taking the deposition unjust to the nonmoving party." *United States v. Ramos,* 45 F.3d 1519, 1522-23 (11th Cir. 1994). While Martinez has likely established the factors needed to obtain a Rule 15 deposition,[1] his proposed approach—a video conference—fails to comport with international law. The Court should require him to go through standard processes to obtain permission from Colombia before proceeding.

---

[1] Martinez's motion is short on details on why "[t]he deponent . . . is unable to obtain the necessary documentation to unlawfully enter the United States." Doc. 189 at 2. Other courts have held that failure to "provide any affidavits, declarations, or any other evidentiary support that the proposed deponents would be unavailable to testify at trial" precludes a Rule 15 deposition. *United States v. Donado*, No. 4:18-CR-00144, 2021 WL 261000, at *2 (E.D. Tex. Jan. 25, 2021). The Government assumes that Diaz could make such a showing, but should be required to do so before the Court grants his request.

Martinez seeks to take a deposition of his sister (and a government witness's ex-husband) about an ongoing legal proceeding that involves the government witness and Martinez's sister. The proposed deponent sits outside of the United States and thus outside the Court's subpoena power or its ability to give oaths. *See* 28 U.S.C. §§ 459, 953.[2] And Martienz represents that his sister "is unable to obtain the necessary documentation to lawfully enter the United States." Doc. 189 at 2. If true, she is likely unavailable.

Her testimony is also likely material to Martinez's case, again based on Martinez's representations. Martinez submits that this testimony would "suggest that [a government witness] may have targeted [Martinez] in retaliation for" these ongoing proceedings. Doc. 189 at 2. That testimony would, in theory, go to the witness's credibility. *See United States v. Adams*, 870 F.2d 1140, 1147-48 (6th Cir. 1989) ("the credibility of a witness is always at issue").

However, "[t]he deponent resides in Colombia." Doc. 189 at 2. Given that, the defendant should follow certain procedures to obtain permission from the Colombian government to conduct a deposition in Colombia. Permission to take such testimony should be obtained by sending a letters rogatory to the host country. *See* Dep't of State, Colombia Judiciary Assistance Information, *available at*

---

[2] Judge Edmondson's concurrence in *United States v. Yates* illustrates the potential concerns with placing a witness under oath via videoconference. 391 F.3d 1182, 1189-90 (11th Cir. 2004) (Edmondson, J., concurring), *reh'g en banc granted, opinion vacated*, 404 F.3d 1291 (11th Cir. 2005), and *on reh'g en banc*, 438 F.3d 1307 (11th Cir. 2006). Judge Edmondson questioned whether these statutes gave a district court clerk "the legal power to place someone in Australia under a meaningful oath." The same concerns would arise here with placing a witness under oath.

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Colombia.html ("[C]riminal defendants or their defense counsel seeking judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters may do so via the letters rogatory process."). "Letters rogatory are the means by which a court in one country requests a court of another country to assist in the production of evidence located in the foreign country." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273 (11th Cir. 2015). A district court may issue letters rogatory. *United States v. El-Mezain*, 664 F.3d 467, 516-17 (5th Cir. 2011).[3] Based on communications with the United States Department of State, the letters rogatory process is the customary method of obtaining the deposition that Martinez seeks here.

Rule 15 (and the Federal Rules of Civil Procedure) recognize the need for use of letters rogatory. Fed. R. Crim. P. 15 requires that permitted depositions in a criminal case "be taken and filed in the same manner as a deposition in a civil action." Fed. R. Crim. P. 15(e). In turn, Fed. R. Civ. P. 28 provides that a deposition may be taken in a foreign country (a) under an applicable treaty or convention; (b) under a letter of request, whether or not captioned a "letters rogatory;" (c) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or (d) before a person commissioned by the court to

---

[3] If the Court grants the instant motion, and if the Government of Colombia authorizes the deposition to occur, the Government would seek authorization, in accordance with Justice Manual § 9-13.534, to attend in person. The Government would object to a fully-remote deposition. Such a deposition would not allow confirmation that a witness was alone for the duration of the deposition.

administer any necessary oath and take testimony.[4]

The availability of a particular method of taking a deposition "depends largely upon the law of the foreign country in which the deposition is to be taken." *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1362 n.1 (D.C. Cir. 1968); *see also United States v. Salim*, 855 F.2d 944, 950 (2d Cir. 1988) ("A sovereign nation is entitled to refuse to acquiesce in the use within its borders of American methods of gathering, preserving and presenting evidence."). "Some nations do not permit depositions through the notice or commission procedures; in these, only the letter rogatory may be used." *Zassenhaus*, 404 F.2d at 1362 n.1. In countries where the right to take depositions is not secured by treaty, "notarizing officers may take depositions only if the laws or authorities of the national government will permit them to do so." 22 C.F.R. § 92.55(c).[5] The Government understands that no treaty with Colombia permits a defendant's taking of a deposition for use in a criminal matter. And

---

[4] Fed. R. Civ. P. 28 also explains the process for the issuance of a letters rogatory. This Rule states that "[a] letter of request . . . may be issued . . . on appropriate terms after an application and notice of it" and "without a showing that taking the deposition in another manner is impracticable or inconvenient."

[5] *See also* 7 Foreign Affairs Manual ("FAM") § 921(b)(4) ("Some countries generally permit taking depositions, but require specific permission to do so."), *available at* https://fam.state.gov/FAM/07FAM/07FAM0920.html; *id.* § 921(c) ("The authority to conduct voluntary depositions may be secured in the host country by local law."); *id.* § 926.1 ("The growing trend toward the use of telephones, videotape, video teleconference, web-based platforms and other technologies as a means of obtaining evidence abroad compels the consular officer to observe carefully the pertinent legal procedures, if any, of the host country."); id. § 927 (the use of "live videoconference testimony directly to a courtroom in the United States . . . is dependent on the laws of the host country regarding the taking of testimony."); *id.* Exhibit 921 ("THINGS TO REMEMBER CONCERNING THE SCHEDULING OF A DEPOSTION: 1. Are depositions permitted by host country law? If so, is notification to the Foreign Ministry required?").

whether Martinez could proceed under Rule 28's other methods—(b)(1)(B) or
(b)(1)(D)—is governed by the law of Colombia and would still require a showing that
such a process was valid under Colombia's law. Martinez has made no such
showing. That leaves the letters rogatory process as Martinez's path forward.

Proceeding with a deposition in a foreign country without a letters rogatory
where one is required "could constitute a violation of that country's sovereignty."[6]
U.S. Department of State, "Preparation of Letters Rogatory,"
https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-
judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html; *see also*
*Commodity Futures Trading Com'n v. Nahas*, 738 F.2d 487, 494 (D.C. Cir. 1984)
(noting that failure to follow the letter rogatory process was viewed by Brazil as an
"intrusion on" its sovereignty). Martinez has provided no reason why this process
was not (or could not be) followed.[7]

---

[6] This restriction is not limited to criminal defendants. The Government must also engage in a
similar process in order to conduct depositions in Colombia. The Government must move through a
separate process (called a Mutual Legal Assistance Treaty, or MLAT) for permission. Though a
bilateral MLAT was signed between the United States and Colombia in 1980, the MLAT was never
ratified by the United States. The United States and Colombian governments provide assistance to
each other in criminal matters pursuant to multilateral treaties and conventions. The most
commonly used are the Inter-American Convention on Mutual Legal Assistance (the OAS
Convention) and the 1988 UN Convention Against Illicit Trafficking in Narcotic Drugs and
Psychotropic Substances (the Vienna Convention). This process is unavailable for defendants, so
they must move through letters rogatory. *See United States v. Sedaghaty*, 728 F.3d 885, 917 (9th Cir.
2013) ("the district court had no authority to order the Executive Branch to invoke the treaty process
to obtain evidence abroad for a private citizen")

[7] The State Department recognizes that "Colombia d[oes] not object to voluntary depositions of
willing witnesses in civil and commercial matters." Dep't of State, Colombia Judiciary Assistance
Information, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-
Country-Information/Colombia.html. But per that language, that exception only applies to "civil
and commercial matters"—not criminal matters.

Moreover, even if Colombia authorized the deposition, the format Martinez suggests – a one-off interview via videoconference – would not necessarily contain the hallmarks of trial testimony. Martinez has put forth no mechanism to ensure that this deposition would be under penalty of perjury. There would be no control to ensure that the witness was not coached during the deposition. And there would be no safeguards to ensure that the testimony would in fact be admissible at trial.

The proper mechanism, both for reasons of comity and to preserve the legitimacy of these proceedings, is thus for Martinez to proceed through the typical letters rogatory process. Without a willingness by Martinez to comply with that process, the Court should deny the Motion.

To facilitate this deposition, the Government recommends that the Court defer ruling on this Motion unless and until Martinez files an application with the Court for letters rogatory. At that point, the Court could grant this motion (authorizing the deposition, as required by the Federal Rules) and simultaneously issue the letters rogatory (enabling Martinez to begin the transmission of that request to Colombia). This process would ensure that Martinez has the ability to preserve testimony from who he calls a material witness, while also ensuring that no deposition goes forward without appropriate authorization from this Court and the Colombian government.

Should the Court grant this request, the Government also requests that the Court order that the deponent bring the following materials under Fed. R. Crim. P. 15(a)(1):

- Any and all documents related in any way to the ongoing litigation between Diana Margarita Dia Martines and Gustavo Castro-Fantalvo;

- Any and all documents related to Diana Margarita Dia Martines's criminal history; and

- Any and all communications between Diana Margarita Dia Martines and Luis Carlos Diaz Martinez related to this deposition or the ongoing litigation between Diana Margarita Dia Martines and Gustavo Castro-Fantalvo.

## III.    Conclusion

While the Government does not object to taking a deposition of this material witness, it must be taken in accordance with international law and with respect to Colombia's sovereignty. The Court should reserve ruling on this motion until Martinez submits a request to the Court for letters rogatory to Colombia.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    */s/ Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov

**U.S. v. Martinez Diaz**                     **Case No. 8:23-cr-342-JSM-SPF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to all counsel of record.

<div style="margin-left:40%">

*/s/ Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov

</div>