**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                            CASE NO: 8:23-cr-342-JSM-SPF

LUIS CARLOS DIAZ MARTINEZ

_____

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss on speedy trial grounds, or, in the alternative, Motion to Sever.   The Court, having reviewed the motion and response, and being otherwise advised in the premises, concludes that the Motion to Dismiss should be denied because the Court had a reasonable basis to continue the trial to the November 2025 trial term and Defendant has not established any actual prejudice associated with the continuance.   The Motion to Sever is denied without prejudice.   It appears to be moot.

## DISCUSSION

Defendant Luis Carlos Diaz Martinez filed a motion seeking dismissal of the Superseding Indictment more than five months after the Court continued his trial to the November 2025 trial term.   Defendant argues that his speedy trial rights were infringed to a degree that he suffered actual prejudice requiring the Superseding Indictment to be dismissed with prejudice.   While Defendant asserts numerous arguments in favor of dismissal with prejudice, they fail because the time of the continuance was properly

excludable under the Speedy Trial Act and the United States has moved with reasonable diligence to bring him to trial with his co-defendants.

Specifically, the Speedy Trial Act excludes a defendant's time to trial for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).   "There is a strong preference for trying co-defendants together as it promotes judicial efficiency by avoiding successive trials involving the same evidence." *United States v. Khoury*, 901 F.2d 948, 972 (11th Cir. 1990); *see also United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1982) ("Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. It felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time.").

Here, the Court concluded that the period awaiting the co-defendants' extradition fell within the "reasonable period of delay" described in § 3161(h)(6).   As the United States argues in the response, case law from the Eleventh Circuit supports the Court's continuance of the trial under these circumstances.   *See, e.g. United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988), *United States v. Murray*, 154 F. App'x 740, 746 n. 8 (11th Cir. 2005).   So, Defendant needs to establish actual prejudice associated with the delay to prevail on his motion.   He has not shown any actual prejudice.

The United States had to deal with Colombia in the extradition process.   The last co-defendant, Javier Eduardo Monje Iquinas, did not appear in the Middle District of Florida until August 22, 2025.

2

Martinez's request for severance is based on his need for one of his co-defendants, Zamir Munoz Barrios, to testify on his behalf at trial which he cannot compel if they are tried together. That request appears to be moot. Barrios has filed a plea agreement and will not be tried with Martinez. Barrios will therefore be available to be called at trial by Martinez. Martinez may raise this severance issue again if Barrios proceeds to trial.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendant's Motion to Dismiss Indictment Due to Speedy Trial Violation (Dkt. 178) is denied.

2.    Defendant's Motion to Sever is denied without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this October 28, 2025.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record