UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:23-cr-342-JSM-SPF

LUIS CARLOS DIAZ MARTINEZ

### RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION FOR DEPOSITION

On November 3, 2025, the Court ordered the defendant, Luis Carlos Diaz Martinez, to supplement his motion to take a foreign deposition (Doc. 189) with (1) evidence that the proposed witness is unavailable, (2) argument concerning the appropriate method under Federal Rule of Civil Procedure 28(b)(1) for taking the deposition, and (3) whether he would waive his right to be present at the foreign deposition under Federal Rule of Criminal Procedure 15(c). On November 5, 2025, Martinez filed his supplemental motion. Doc. 228. The government now responds.

I.  **With additional evidence, including an affidavit from the deponent, Martinez has established unavailability.**

Martinez seeks to take a deposition of his sister (and a government witness's ex-husband) about an ongoing legal proceeding that involves a government witness and Martinez's sister. Martinez provided a notarized declaration of the deponent in which she stated that she does not have a passport or U.S. visa, has no one to care for her children in her absence, and cannot afford the cost to secure travel documents or travel due to her unemployment. Doc. 228-1.

A potential witness is unavailable for purposes of Rule 15(a) whenever a

substantial likelihood exists that the proposed deponent will not testify at trial. *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993). The moving party may demonstrate the probable unavailability of a prospective deponent "through affidavits or otherwise." *Id.* Here, where the deponent has declared that it is "impossible for [her] to attend the trial," Martinez has shown that the deponent is unavailable under Rule 15. Doc. 228-1.

II.     **Martinez must use the letters rogatory process to obtain permission to take a deposition in a criminal case in Colombia.**

The availability of a particular method of taking a deposition "depends largely upon the law of the foreign country in which the deposition is to be taken." *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1362 n.1 (D.C. Cir. 1968); *see also United States v. Salim*, 855 F.2d 944, 950 (2d Cir. 1988) ("A sovereign nation is entitled to refuse to acquiesce in the use within its borders of American methods of gathering, preserving and presenting evidence."). "Some nations do not permit depositions through the notice or commission procedures; in these, only the letter rogatory may be used." *Zassenhaus*, 404 F.2d at 1362 n.1. The Code of Federal Regulations reflects this same rule and states that "[i]n countries where the right to take depositions is not secured by treaty, notarizing officers may take depositions only if the laws or authorities of the national government [i.e., the foreign country] will permit them to do so." 22 C.F.R. § 92.55(c).

Based on these authorities and standard international practice, then, permissible methods under Fed. R. Civ. P. 28 include those that are permitted by the

host country. Here, as explained in the Government's earlier brief, there is no treaty between Colombia and the United States that permits criminal defendants to take depositions in Colombia absent additional process. Further, the Government has consulted with the Colombian Ministry of Justice ("MOJ"). The MOJ advised the United States that obtaining sworn statements from any witness in a U.S. criminal proceeding, regardless of whether the witness appears voluntarily, requires a formal request to the Colombian government for authorization. Because the MLAT process is not available to a defendant, that leaves the letters rogatory process as Martinez's path forward. Colombia has exercised its right "to refuse to acquiesce in the use within its borders of American methods of gathering, preserving and presenting evidence." *United States v. Salim*, 855 F.2d 944, 950 (2d Cir. 1988).

Martinez makes much of the fact that his proposed deponent would appear voluntarily for the deposition. *See* Doc. 228 at 4, 5. But that argument ignores two realities. First, the proposed deposition takes must conform with Colombian law, regardless of whether the witness is appearing willingly. 22 C.F.R. § 92.55(c). And second, Martinez still has failed to indicate who would swear in the witness. A deposition is "the testimony of a witness taken in writing under oath or affirmation, before some designated or appointed person or officer, in answer to interrogatories." 22 C.F.R. § 92.49. Martinez's proposals do not indicate who the "designated or appointed person or officer" would be for his proposed deposition. The answer to that question would come from Colombian court's response to a letters rogatory issued by this Court. For those reasons, the proper mechanism, both for reasons of

3

comity and to preserve the legitimacy of these proceedings, remains for Martinez to proceed through the typical letters rogatory process.[1]

With Martinez's additional evidence, the Government has no objection to permitting a Rule 15 deposition. The witness appears to be unavailable and the testimony (as classified by Martinez) is arguably material to his defense. But the proper mechanism to execute that deposition is through a letters rogatory. Martinez should begin that process promptly.

---

[1] Martinez cites *United States v. Jefferson*, 594 F. Supp. 2d 655, 675 (E.D. Va. 2009), for the proposition that "letters rogatory should be granted *only* when (1) the moving party demonstrates exceptional circumstances, and (2) the prospective witness is unwilling to testify voluntarily." Doc. 228 at 3 (emphasis added). But *Jefferson* says that this rule applies "in general;" that court's language does not establish a rule that letters rogatory are appropriate only for an unwilling witness. *Jefferson* also refers to *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007). But *Rosen* contains no discussion of how unwillingness to testify is a prerequisite to issuing letters rogatory. The Court could fashion a letters rogatory that would request permission to take the deposition, request the identity of an authority in Colombia to swear in the deponent, and indicate that the witness would appear voluntarily.

### III. Martinez appears to have validly waived his presence, in writing, at any deposition.

The Court instructed Martinez to inform the Court of Martinez's intent under Fed. R. Crim. P. 15(c). The Government understands that Martinez has waived his right to be present at the deposition.

<div style="margin-left: 50%;">

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ *Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov

</div>

U.S. v. Martinez Diaz                              Case No. 8:23-cr-342-JSM-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                          /s/ *Michael J. Buchanan*
                          Michael J. Buchanan
                          Assistant United States Attorney
                          Fla. Bar No. 1020224
                          400 N. Tampa St., Ste. 3200
                          Tampa, FL 33602-4798
                          Telephone: (813) 274-6000
                          Facsimile: (813) 274-6358
                          E-mail: Michael.Buchanan2@usdoj.gov