UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:23-cr-342-JSM-SPF

LUIS CARLOS DIAZ MARTINEZ

_____/

## ORDER

Before the Court is defendant Luis Carlos Martinez's Motion for Pre-Trial Deposition of Defense Witness (Doc. 189).  Martinez seeks to depose his sister, Diana Margarita Diaz Martinez, by video deposition, "in order to preserve testimony for trial . . . because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).  The witness resides in Colombia.  Martinez suggests that a government witness may have targeted Martinez "in retaliation for ongoing legal proceedings" involving the government witness and his wife[1]—who is Martinez's sister—and their child.  After conducting a hearing on November 3, 2025, the Court ordered expedited supplemental briefing.  The parties filed the supplemental briefs as ordered (Docs. 228 & 237).

## ANALYSIS

In criminal cases, depositions are generally disfavored; the "only authorized purpose is to preserve evidence, not to afford discovery." *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) (quoting *United States v. Milian-Rodriguez*, 828 F.2d 679 (11th Cir. 1987)).

---

[1] The United States refers to Martinez's sister as the ex-wife of the government witness.

However, Rule 15 of the Federal Rules of Criminal Procedure expressly authorizes parties to take depositions when necessary to achieve justice and done in a manner consistent with the defendant's criminal rights. *Id.* In determining whether to grant a motion for a Rule 15 deposition, a district court considers three factors: 1) whether the witness is unavailable to testify at trial; 2) whether the witness's testimony is material to the moving party's case; and 3) whether the taking of the deposition would cause injustice to the nonmoving party. *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995) (citing *Drogoul*, 1 F.3d at 1551). The movant bears the burden of showing that exceptional circumstances exist. *Id.* at 1552. The Court will address each factor separately below

## I.    Unavailability

A potential witness is unavailable for purposes of Rule 15 when "a substantial likelihood exists that the proposed deponent will not testify at trial" and "justice usually will be served by allowing the moving party to take the deposition, thereby preserving the party's ability to utilize the testimony at trial if necessary." *Drogoul*, supra, at 1553. The moving party may demonstrate the probable unavailability of a prospective deponent "through affidavits or otherwise." *Id.* Here, Martinez provided a notarized declaration of the deponent in which she stated that she does not have a passport or U.S. visa, has no one to care for her children in her absence, and cannot afford the cost to secure travel documents or travel due to her unemployment (Doc. 228-1). For these reasons, the deponent has declared that it is "impossible for [her] to attend the trial" or deposition in the United States (*Id.*). As a result, Martinez has shown that the deponent is unavailable under Rule 15.

2

## II.    Materiality

Martinez seeks to take a deposition of his sister regarding an ongoing legal proceeding involving the government witness.  Martinez submits that this testimony would "suggest that [the government witness] may have targeted [Martinez] in retaliation for" these ongoing proceedings (Doc. 189 at 2). That testimony would go to the witness's credibility. *See United States v. Adams*, 870 F.2d 1140, 1147-48 (6th Cir. 1989) ("the credibility of a witness is always at issue").  The United States concedes that the witness's testimony is likely material to Martinez's case (Doc. 196 at 3), and the Court agrees.  The witness's proffered testimony is material.

## III.    Injustice

If the non-moving party demonstrates that the requested deposition will cause injustice, the Court may deny a Rule 15 motion. "The ultimate inquiry is whether exceptional circumstances exist and whether it is in the interest of justice to allow the deposition to be taken. When a substantial likelihood exists that the prospective deponents will be unavailable for trial and their testimony is highly relevant to a central issue in the case, justice generally requires preservation of that testimony." *Drogoul*, supra, at 1555.  Here, the United States has not established any countervailing factors that would render the taking of the deposition unjust.  Accordingly, this Court finds that the taking of the deposition prior to trial will not result in an injustice to the United States.

## IV.    Method

The availability of a particular method of taking a deposition "depends largely upon the law of the foreign country in which the deposition is to be taken." *Zassenhaus v. Evening*

3

*Star Newspaper Co.*, 404 F.2d 1361, 1362 n.1 (D.C. Cir. 1968); *see also United States v. Salim*, 855 F.2d 944, 950 (2d Cir. 1988) ("A sovereign nation is entitled to refuse to acquiesce in the use within its borders of American methods of gathering, preserving and presenting evidence."). "Some nations do not permit depositions through the notice or commission procedures; in these, only the letter rogatory may be used." *Zassenhaus*, 404 F.2d at 1362 n.1. The Code of Federal Regulations reflects this same rule and states that "[i]n countries where the right to take depositions is not secured by treaty, notarizing officers may take depositions only if the laws or authorities of the national government [i.e., the foreign country] will permit them to do so." 22 C.F.R. § 92.55(c).

Here, there is no treaty between Colombia and the United States that permits criminal defendants to take depositions in Colombia absent additional process. The United States represents that it "has consulted with the Colombian Ministry of Justice ("MOJ"). The MOJ advised the United States that obtaining sworn statements from any witness in a U.S. criminal proceeding, regardless of whether the witness appears voluntarily, requires a formal request to the Colombian government for authorization" (Doc. 237 at 3). Accordingly, the deposition is authorized only under a letter of request (letter rogatory) pursuant to Fed. R. Civ. P. 28(b)(2). The parties are ordered to confer and submit a joint proposed letter of request to Columbia by November 14, 2025.[2]

---

[2] The parties may move for an extension if more time is needed to draft the proposed letter of request to Columbia.

**D. Waiver of Right to be Present**

In his supplement brief (Doc. 228), Martinez states in writing that he waives his right to be present at the deposition. Fed. R. Crim. P. 15(c)(1)(A).

Accordingly, it is ORDERED:

1. Defendant Luis Carlos Martinez's Motion for Pre-Trial Deposition of Defense Witness (Doc. 189) is GRANTED; and

2. The parties are DIRECTED to file a proposed letter of request (letter rogatory) to Colombia by November 14, 2025.

**ORDERED** in Tampa, Florida, on November 10, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE