UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                       CASE NO. 8:23-cr-00342-JSM-SPF

v.

LUIS CARLOS DIAZ MARTINEZ,

    Defendant.

_____/

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE TO THE REPUBLIC OF COLOMBIA FOR THE
TAKING OF EVIDENCE FROM
DIANA MARGARITA DIAZ MARTINEZ**

Request for International Judicial Assistance

By the United States District Court for the Middle District of Florida
**Honorable Magistrate Judge Sean P. Flynn**

**TO THE COLOMBIAN MINISTRY OF JUSTICE OR OTHER
APPROPRIATE JUDICIAL AUTHORITY OF COLOMBIA:**

The United States District Court for the Middle District of Florida hereby presents its compliments to, the appropriate judicial authority of the Republic of Colombia, the Ministry of Justice or other appropriate judicial authority of Colombia, and requests international judicial assistance to obtain witness testimony for use in a United States criminal proceeding concerning a witness's personal knowledge of the facts alleged in the government's Superseding Indictment of the Defendant in the above captioned matter.

The Court requests Colombia's assistance in securing the testimony of Diana Margarita Diaz Martinez as necessary in the interest of justice. Her testimony would be used in criminal proceedings before this Court in the above-captioned matter. In the Court's view, her testimony will be material to the allegations underlying the Government's claims. Counsel for the Defendant has advised the Court that they believe that Ms. Diaz Martinez possesses information that would suggest that a Government witness, Gustavo Castro-Fantalvo—her husband—may have targeted the Defendant in retaliation for ongoing legal proceedings between Mr. Castro-Fantalvo and Ms. Diaz Martinez, who is the Defendant's sister, and their child.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Republic of Colombia. In the proper exercise of its authority, this Court has determined that the witness testimony of Diana Margarita Diaz Martinez cannot be secured except by the intervention of the Colombian Ministry of Justice or other appropriate judicial authority of Colombia. The Court has issued an Order permitting the deposition under American procedural rules. A copy of that order is attached as Exhibit A to this request.

## LETTER OF REQUEST

1. **Sender.**

   Judge Sean P. Flynn

      U.S. District Court for the Middle District of Florida
      Sam M. Gibbons United States Courthouse
      801 North Florida Ave.
      Courtroom 11B
      Tampa, FL 33602
      USA

2. **Central Authority of the Requested State.**

      Attn: Embajadora Fulvia Elvira Benavides Cotes
      Directora de Asuntos Migratorios, Consulares y Servicio al Ciudadano
      Ministerio de Relaciones Exteriores
      Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano
      Carrera 5 # 9-03
      Bogotá D.C. COLOMBIA
      Fax: +57 (1) 381 4747; +57 (1) 561 1796
      Email: fulvia.benavides@cancilleria.gov.co

3. **Person to whom the executed request is to be returned.**

      Yuli Kotler, Esq.
      Florida Bar No. 0109505
      Email: yk@kotlerlegal.com
      9800 4th st. N
      Ste. 200
      St. Petersburg, FL 33702
      USA
      (P) (813) 355-9822
      (F) (813) 200-7268

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

      This Court asks that receipt of the response to the Letter of Request be returned to Defense counsel, Yuli Kotler, identified in No. 3 above, as soon as possible.

5. <u>**Names and addresses of the parties and their representatives (including representatives in the requested State)**</u>

    a.    Plaintiff(s)

United States Government

Plaintiff may be contacted through its counsel at the below address:

Lauren N. Stoia
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6000
Email: lauren.stoia@usdoj.gov

Michael J. Buchanan
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6000
Email: michael.buchanan2@usdoj.gov

b.  Defendant(s)

Luis Carlos Diaz Martinez

Defense may be contacted through his counsel at the below address:

Yuli Kotler, Esq.
Florida Bar No. 0109505
Email: yk@kotlerlegal.com
9800 4th st. N
Ste. 200
St. Petersburg, FL 33702
(P) (813) 355-9822
(F) (813) 200-7268

**6.  Details of the Case**

a.  <u>Nature of the proceedings.</u>

This is a criminal proceeding under criminal law involving a conspiracy to import cocaine into the United States.

b.  <u>Summary of charges:</u>

The defendant is charged by a Superseding Indictment with conspiracy with other persons, both known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code Sections 963 and 960(b)(1)(B)(ii). It is alleged that the defendant willingly participated in a scheme with Colombian Navy members to affix global positioning system (GPS) trackers on Colombian Navy ships. The defendant knew the purpose of this agreement was to facilitate the smuggling of more than five (5) kilograms of cocaine through international waters and had reasonable cause to believe it would be unlawfully imported into the United States.

Subsequent to the discovery of several GPS trackers aboard Colombian Naval patrol ships, law enforcement authorities identified a drug trafficking organization (DTO) based in Colombia that was responsible for surreptitiously placing these devices aboard Colombian Navy ships. Since at least 2021, the DTO has recruited active-duty personnel in the Colombian Navy to affix GPS trackers to Colombian Navy ships in order to direct maritime drug smuggling vessels leaving from Colombia destined for the United States, Mexico, and Central America around law enforcement patrols. The investigation resulted in the discovery of GPS tracking devices aboard four Colombian Navy ships.

c.  <u>Summary of defenses.</u>

Defendant Luis Carlos Diaz Martinez denies any knowing involvement in a conspiracy to smuggle cocaine.

7. **Summary of Requested Assistance**

a.  <u>Evidence to be obtained or other judicial act to be performed</u>

The Court requests that the Colombian Ministry of Justice or other appropriate judicial authority of Colombia, through a competent authority in Colombia, compel its citizen, Diana Margarita Diaz Martinez, to appear and provide testimony concerning her personal knowledge of the charges alleged in the United States Government's

        Superseding Indictment, including her relationship with Gustavo Castro-Fantalvo and any information bearing on Mr. Castro-Fantalvo's credibility, and provide documents as requested in this request.

    b. <u>Purpose of the evidence or judicial act sought</u>

        Diana Margarita Diaz Martinez's testimony is requested regarding her personal knowledge of the allegations in the Superseding Indictment and any information bearing on Mr. Castro-Fantalvo's credibility. Her communications with the Plaintiff and other witnesses.

**8. Identity and address of any person to be examined**

Diana Margarita Diaz Martinez
Bosque Transversal 54 No. 53-129
Cartagena, Bolivar, Colombia
Identificado con CC: 1047417420
Email: Dianadiaz1317@outlook.com

**9. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined**

Diana Margarita Diaz Martinez, will be asked questions regarding her personal knowledge of the allegations in the Superseding Indictment and any information bearing on Mr. Castro-Fantalvo's credibility.

**10. Documents or other property to be inspected.**

It is requested that the proper authority in Colombia require the witness to provide the following documents at or before her deposition, to the extent allowed under Colombian law:

- Any and all documents related in any way to the ongoing litigation between Diana Margarita Diaz Martinez and Gustavo Castro-Fantalvo;

- Any and all documents related to Diana Margarita Diaz Martinez's criminal history; and

- Any and all communications between Diana Margarita Diaz Martinez and Luis Carlos Diaz Martinez related to this deposition or the ongoing litigation between Diana Margarita Diaz Martinez and Gustavo Castro-Fantalvo.

- Any and all communications between Diana Margarita Diaz Martinez and Gustavo Castro-Fantalvo related to this deposition or the ongoing litigation between them.

11. **Any requirement that the evidence be given on oath or affirmation and any special form to be used.**

    This Court requests that the witness agree to testify under oath and penalty of perjury.

12. **Special methods or procedure to be followed.**

    This Court requests that the appropriate Colombian judicial authority allow Defense counsel to take the witness's testimony via remote videoconference, and that designated counsel for Plaintiff then be permitted to further examine the witness. In this manner, the testimony should be recorded by stenographic means and with the assistance of an interpreter. Attorneys for the Plaintiff have advised the Court that they intend to attend the deposition in person.

    Specifically, this Court requests that the witness testimony be taken by an officer designated by the appropriate Colombian Judicial Authority and performed in the manner described below:

    - This Court requests that counsel for the Defendant and counsel for the Plaintiff be permitted to attend the questioning and to each have a reasonable opportunity to examine and cross-examine the witness, including any questions additional to those in Schedule A, attached.

    - This Court requests that the questions posed to the witness and her answers be recorded by a court reporter or by a person able to produce a verbatim transcript of the examination. Counsel for the Defendant will provide a reporter certified by the Federal Courts.

    - This Court requests that the questioning be conducted with the assistance of an interpreter fluent in the English and Spanish languages. Counsel for Defendant will provide a certified interpreter.

13. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified.**

-

This Court requests that the appropriate judicial authority permit Diana Margarita Diaz Martinez to provide testimony via videoconference from the U.S. Embassy in Bogotá, Carrera 45 No. 24B-27, Bogotá, D.C. Colombia, within 30 days of the date of receipt of this request, or otherwise give notice to Defense counsel of the date, time, and place where the witness examination is going to take place. Counsel for Defense will notify all counsel for Plaintiff and Co-Defendants, and may be notified as follows:

Lauren N. Stoia
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6000
Email: lauren.stoia@usdoj.gov

Michael J. Buchanan
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6000
Email: michael.buchanan2@usdoj.gov

Jason M. Reid
The Reid Firm, LLC
912-7th Avenue East
Bradenton, FL 34208
941-920-5662
Email: attyjreid@icloud.com

14. **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request.**

   No attendance of judicial personnel of the requesting authority is requested.

15. **Specifications of privilege or duty to refuse to give evidence under the law of the state of origin.**

The witness may refuse to give evidence insofar as there is a privilege or duty to refuse to give evidence under the laws of the United States or the laws of Colombia. In the United States, the U.S. Constitution affords a witness with a privilege against self-incrimination. U.S. Const. Amend. 5.

16. **The fees and costs incurred by which are reimbursable will be borne by:**

The United States Department of Justice.

Section 320.40.20 of the Guide to Judiciary Policy states that "[e]xpenses incurred in the taking of fact witness depositions (notarial fees, interpreters, transcripts, etc.) are paid by the DOJ, regardless of which party requested the deposition." *Guide to Judiciary Policy*, Vol. 7, Pt. A, Ch. 3, § 320.40.20; *U.S. Attorney's Manual*, tit. 3, § 3-8.520 ("Fees and expenses for depositions of fact witnesses, including the cost of recording and transcribing the proceeding, for indigent persons shall be paid by the Department in the same manner as expenses and fees for fact witnesses testifying in court."); *see also* Fed. R. Crim. P. 15.

17. **Date of Request** 18th **day of** November, 2025.

By: _____
Judge Sean P. Flynn
U.S. District Court for the Middle District of Florida
Sam M. Gibbons United States Courthouse
801 North Florida Ave.
Courtroom 11B
Tampa, FL 33602
USA

# **SCHEDULE A**

## Topics about which Witness is to be Examined by Defense Counsel

I.   Background Information on Witness

      a.   Name

      b.   Age

      c.   Education

      d.   Training

      e.   Employment history

      f.   Family history

II.   Relationship with Gustavo Castro-Fantalvo

      a.   Background Information on Gustavo Castro-Fantalvo

      b.   Marital Relationship

      c.   Marital/Divorce Proceedings

III.   Subject Matter

      a.   Statements heard or made regarding Luis Carlos Diaz Martinez and from any witnesses.

      b.   Statements heard or made regarding any of the allegations in the Superseding Indictment and from any witnesses.