# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                          CASE NO. 8:23-cr-00342-JSM-SPF

v.

LUIS CARLOS DIAZ MARTINEZ,

     Defendant.

_____/

## MOTION FOR ISSUANCE OF LETTERS ROGATORY AND RULE 17 SUBPOENA TO THE REPUBLIC OF COLOMBIA

Defendant, LUIS CARLOS DIAZ MARTINEZ, by and through undersigned counsel, respectfully moves this Court for entry of an Order authorizing the issuance of Letters Rogatory / Letter of Request and a Rule 17 subpoena duces tecum to the Government of the Republic of Colombia for the production of documents related to the cooperation, investigation, and prosecution involving Mr. Diaz Martinez. In support, Defendant states as follows:

## I. INTRODUCTION

This is a criminal prosecution in which the Government's case relies heavily on evidence derived from, coordinated with, or originating from Colombian authorities. Substantial aspects of the alleged investigation—including intelligence gathering, witness development, cooperation agreements,

surveillance, interdictions, and evidence collection—occurred in Colombia or involved Colombian governmental agencies, including but not limited to the Colombian Navy, Fiscalía General de la Nación, and other law-enforcement or military entities.

Documents reflecting those investigative activities, communications with United States authorities, and any cooperation involving the Defendant are material to the defense, necessary in the interest of justice, and not otherwise obtainable absent formal international judicial assistance.

## II. LEGAL AUTHORITY

This Court has authority to issue Letters Rogatory and requests for international judicial assistance pursuant to 28 U.S.C. §§ 1781 and 1783, Federal Rule of Criminal Procedure 17, and applicable treaties governing judicial cooperation between the United States and Colombia.

The United States and the Republic of Colombia are signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and the Inter-American Convention on Letters Rogatory and Additional Protocol, which authorize courts to formally request evidence located abroad through the appropriate Central Authority.

Letters Rogatory are routinely used in criminal cases where evidence located in a foreign sovereign's possession is relevant, material, and unavailable through ordinary discovery mechanisms. See 28 U.S.C. § 1781(a)(2).

Rule 17(c) authorizes subpoenas for the production of documents and objects, and courts may direct that such subpoenas be executed through Letters Rogatory where compliance requires the cooperation of a foreign sovereign.

## III. FACTUAL BASIS FOR THE REQUEST

The Superseding Indictment alleges a multi-national conspiracy involving Colombian maritime assets, Colombian naval personnel, and drug-trafficking organizations operating within Colombia.

Information disclosed to date demonstrates that Colombian authorities (1) conducted investigations relevant to the alleged conduct; (2) generated reports, intelligence summaries, surveillance records, and interdiction documentation; (3) communicated and coordinated with United States law-enforcement agencies; and (4) developed witnesses and cooperators whose information forms part of the Government's case.

Documents in the possession, custody, or control of the Government of Colombia are likely to contain (1) exculpatory information; (2) impeachment material; (3) evidence bearing on witness credibility, bias, or motivation; (4) evidence concerning the scope, direction, and reliability of the investigation; and (5) information relevant to suppression motions, trial preparation, and sentencing issues.

These materials are not obtainable through domestic subpoena, Brady/Giglio requests alone, or informal means, and therefore require a formal request through diplomatic and judicial channels.

## IV. DOCUMENTS REQUESTED

Defendant seeks issuance of Letters Rogatory and a subpoena duces tecum requesting production of the following categories of documents, to the extent permitted under Colombian law:

a. Any and all documents, reports, memoranda, intelligence summaries, or investigative files referencing or relating to Luis Carlos Diaz Martinez;

b. Any communications between Colombian authorities and United States law-enforcement agencies (including DOJ, DEA, DHS, Coast Guard, or U.S. Navy) concerning the Defendant;

c. Any cooperation agreements, witness statements, proffer summaries, or cooperation-related documents involving the Defendant or referencing him;

d. Any documents relating to GPS tracking devices, maritime interdictions, vessel inspections, or naval operations connected to the investigation underlying this case;

e. Any records reflecting benefits, consideration, or inducements provided to Colombian witnesses or cooperators connected to this investigation;

f. Any chain-of-custody, evidence handling, or forensic documentation related to evidence later relied upon by the United States.

## V. NECESSITY AND INTEREST OF JUSTICE

The requested documents are material, relevant, and necessary to ensure a fair trial. Without judicial assistance from Colombian authorities, Defendant will

be deprived of meaningful access to evidence critical to confronting the Government's case.

This request is narrowly tailored, seeks only materials relevant to the charged conduct, and respects the sovereignty and legal limitations of the Republic of Colombia.

Defense counsel has requested the Assistant United States Attorney's position on the instant motion, but, to date, no response has been received.

WHEREFORE, Defendant respectfully requests that this Court Authorize and issue Letters Rogatory / Letter of Request to the appropriate Central Authority of the Republic of Colombia seeking the production of documents described herein; authorize issuance of a Rule 17(c) subpoena duces tecum to be executed through said Letters Rogatory; direct that the request be transmitted pursuant to 28 U.S.C. § 1781 through appropriate diplomatic channels; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Yuli Kotler**
Yuli Kotler, Esq.
Florida Bar No. 0109505
Counsel for Defendant
9800 4th St. N, Ste. 200
St. Petersburg, FL 33702
Tel: (813) 355-9822
Email: yk@kotlerlegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 16th day of April, 2026:

AUSA Lauren Stoia
Lauren.Stoia@usdoj.gov

Respectfully submitted,

KOTLER LAW, PLLC

**_/s/ Yuli Kotler_**

Yuli Kotler, Esq.
Attorney for the Defendant

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                    CASE NO. 8:23-cr-00342-JSM-SPF

v.

LUIS CARLOS DIAZ MARTINEZ,

      Defendant.

_____/

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE TO THE REPUBLIC OF COLOMBIA FOR THE
PRODUCTION OF DOCUMENTS**

Request for International Judicial Assistance

By the United States District Court for the Middle District of Florida
**Honorable Magistrate Judge Sean P. Flynn**

**TO THE COLOMBIAN MINISTRY OF JUSTICE OR OTHER
APPROPRIATE JUDICIAL AUTHORITY OF COLOMBIA:**

The United States District Court for the Middle District of Florida hereby presents its compliments to, the appropriate judicial authority of the Republic of Colombia, the Ministry of Justice or other appropriate judicial authority of Colombia, and requests international judicial assistance for the production of documents for use in a United States criminal proceeding concerning knowledge of the facts alleged in the government's Superseding Indictment of the Defendant in the above captioned matter.

The Court requests Colombia's assistance in producing documents as necessary in the interest of justice. The requested materials concern the investigation, cooperation, and prosecution involving Defendant Luis Carlos Diaz Martinez. As set forth in Defendant's Motion for Issuance of Letters Rogatory and Rule 17 Subpoena to the Republic of Colombia, substantial aspects of the alleged investigation—including intelligence gathering, witness development, cooperation agreements, surveillance, interdictions, and evidence collection—occurred in Colombia or involved Colombian governmental agencies, including but not limited to the Colombian Navy, Fiscalía General de la Nación, and other law-enforcement or military entities.

The Court requests Colombia's assistance in producing documents as necessary in the interest of justice. These documents would be used in criminal proceedings before this Court in the above-captioned matter. In the Court's view, the requested documents may be material to the defense, including because they may contain exculpatory information, impeachment material, evidence bearing on witness credibility, bias, or motivation, evidence concerning the scope, direction, and reliability of the investigation, and information relevant to suppression motions, trial preparation, and sentencing issues. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Republic of Colombia. In the proper exercise of its authority, this Court has determined that the requested records cannot be

secured except by the intervention of the Colombian Ministry of Justice or other appropriate judicial authority of Colombia. The Court has issued an Order permitting the production of documents under American procedural rules. A copy of that order is attached as Exhibit A to this request.

## **LETTER OF REQUEST**

**1.     Sender.**

Judge Sean P. Flynn
U.S. District Court for the Middle District of Florida
Sam M. Gibbons United States Courthouse
801 North Florida Ave.
Courtroom 11B
Tampa, FL 33602
USA

**2.     Central Authority of the Requested State.**

Attn: Embajadora Fulvia Elvira Benavides Cotes
Directora de Asuntos Migratorios, Consulares y Servicio al Ciudadano
Ministerio de Relaciones Exteriores
Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano
Carrera 5 # 9-03
Bogotá D.C. COLOMBIA
Fax: +57 (1) 381 4747; +57 (1) 561 1796
Email: fulvia.benavides@cancilleria.gov.co

**3.     Person to whom the executed request is to be returned.**

Yuli Kotler, Esq.
Florida Bar No. 0109505
Email: yk@kotlerlegal.com
9800 4th st. N
Ste. 200
St. Petersburg, FL 33702
USA
(P) (813) 355-9822
(F) (813) 200-7268

**4.     Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

This Court asks that receipt of the response to the Letter of Request be returned to Defense counsel, Yuli Kotler, identified in No. 3 above, as soon as possible.

**5.     <u>Names and addresses of the parties and their representatives (including representatives in the requested State)</u>**

a.     Plaintiff(s)

United States Government

Plaintiff may be contacted through its counsel at the below address:

Lauren N. Stoia
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6000
Email: lauren.stoia@usdoj.gov

Michael J. Buchanan
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6000
Email: michael.buchanan2@usdoj.gov

b.     Defendant(s)

Luis Carlos Diaz Martinez

Defense may be contacted through his counsel at the below address:

Yuli Kotler, Esq.
Florida Bar No. 0109505

Email: yk@kotlerlegal.com
9800 4th st. N
Ste. 200
St. Petersburg, FL 33702
(P) (813) 355-9822
(F) (813) 200-7268

**6.    Details of the Case**

a.    <u>Nature of the proceedings.</u>

This is a criminal proceeding under criminal law involving a conspiracy to import cocaine into the United States.

b.    <u>Summary of charges:</u>

The defendant is charged by a Superseding Indictment with conspiracy with other persons, both known and unknown to the Grand Jury, to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code Sections 963 and 960(b)(1)(B)(ii). It is alleged that the defendant willingly participated in a scheme with Colombian Navy members to affix global positioning system (GPS) trackers on Colombian Navy ships. The defendant knew the purpose of this agreement was to facilitate the smuggling of more than five (5) kilograms of cocaine through international waters and had reasonable cause to believe it would be unlawfully imported into the United States.

Subsequent to the discovery of several GPS trackers aboard Colombian Naval patrol ships, law enforcement authorities identified a drug trafficking organization (DTO) based in Colombia that was responsible for surreptitiously placing these devices aboard Colombian Navy ships. Since at least 2021, the DTO has recruited active-duty personnel in the Colombian Navy to affix GPS trackers to Colombian Navy ships in order to direct maritime drug smuggling vessels leaving from Colombia destined for the United States, Mexico, and Central America around law enforcement patrols. The investigation resulted in the discovery of GPS tracking devices aboard four Colombian Navy ships.

c.     Summary of defenses.

Defendant Luis Carlos Diaz Martinez denies any knowing involvement in a conspiracy to smuggle cocaine.

7.     **Summary of Requested Assistance**

a.     Evidence to be obtained or other judicial act to be performed

The Court requests that the Colombian Ministry of Justice or other appropriate judicial authority of Colombia, through a competent authority in Colombia, require the production of documents in the possession, custody, or control of the Government of the Republic of Colombia, including but not limited to the Colombian Navy, Fiscalía General de la Nación, and other law enforcement or military entities, concerning the investigation, cooperation, and prosecution involving Luis Carlos Diaz Martinez, as more particularly described in Paragraph 10 below.

b.     Purpose of the evidence or judicial act sought

The requested documents are sought for use in this criminal proceeding and may contain information material to the defense, including exculpatory information, impeachment material, evidence bearing on witness credibility, bias, or motivation, evidence concerning the scope, direction, and reliability of the investigation, and information relevant to suppression motions, trial preparation, and sentencing issues.

8.     **Identity and address of any person or entity from whom documents are sought**

Government of the Republic of Colombia, including but not limited to:

- Colombian Navy;
- Fiscalía General de la Nación; and
- Other law-enforcement or military entities involved in the investigation, cooperation, or prosecution concerning Luis Carlos Diaz Martinez, to be identified and implemented by the appropriate Central Authority of the Republic of Colombia in accordance with Colombian law.

9.     **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined**

No witness examination is requested by this Letter of Request. The subject matter of the request is the production of documents related to the investigation, cooperation, and prosecution involving Luis Carlos Diaz Martinez.

**10.    Documents or other property to be inspected.**

It is requested that the proper authority in Colombia require production of the following documents, to the extent allowed under Colombian law:

- Any and all documents, reports, memoranda, intelligence summaries, video files, audio files or investigative files referencing or relating to Luis Carlos Diaz Martinez;

- Any communications between Colombian authorities and United States law-enforcement agencies, including but not limited to DOJ, DEA, DHS, Coast Guard, or U.S. Navy, concerning the Defendant;

- Any cooperation agreements, witness statements, proffer summaries, or cooperation-related documents involving the Defendant or referencing him;

- Any documents and electronic files relating to GPS tracking devices, maritime interdictions, vessel inspections, or naval operations connected to the investigation underlying this case;

- Any records reflecting benefits, consideration, or inducements provided to Colombian witnesses or cooperators connected to this investigation;

- Any Court orders, records, files and/or documents concerning Luis Carlos Diaz Martinez and Gustavo Javier Castro Fontalvo; and

- Any chain-of-custody, evidence handling, or forensic documentation related to evidence later relied upon by the United States.

**11.    Any requirement that the evidence be given on oath or affirmation and any special form to be used.**

To the extent authentication or certification of records is available under Colombian law, the Court respectfully requests that the produced records be accompanied by an appropriate certification.

**12.    Special methods or procedures to be followed.**

This Court requests that the appropriate Colombian judicial authority cause the requested documents to be gathered and transmitted in accordance with Colombian law, and that any certifications, transmittal letters, or inventories identifying the source of the records be included, if available. The Court further requests that the response indicate the agency or entity from which the records were obtained.

**13.    Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified.**

This Court requests that Defense counsel be notified of the execution of this request and of any need for clarification, supplementation, or narrowing of the requested categories within 30 days of the date of receipt of this request. Counsel for Defense will notify all counsel for Plaintiff and Co-Defendants, and may be notified as follows:

Lauren N. Stoia
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6000
Email: lauren.stoia@usdoj.gov

Michael J. Buchanan
DOJ-USAO
Tampa Division
400 North Tampa Street
Suite 3200
Tampa, FL 33602
813-274-6000
Email: michael.buchanan2@usdoj.gov

**14.    Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request.**

No attendance of judicial personnel of the requesting authority is requested.

**15.   Specifications of privilege or duty to refuse to give evidence under the law of the state of origin.**

Production of records shall be subject to any privilege or duty to refuse production under the laws of the United States or the laws of Colombia.

**16.   The fees and costs incurred by which are reimbursable will be borne by:**

The United States Department of Justice.

Section 320.40.20 of the Guide to Judiciary Policy states that "[e]xpenses incurred in the taking of fact witness depositions (notarial fees, interpreters, transcripts, etc.) are paid by the DOJ, regardless of which party requested the deposition." *Guide to Judiciary Policy*, Vol. 7, Pt. A, Ch. 3, § 320.40.20; *U.S. Attorney's Manual*, tit. 3, § 3-8.520 ("Fees and expenses for depositions of fact witnesses, including the cost of recording and transcribing the proceeding, for indigent persons shall be paid by the Department in the same manner as expenses and fees for fact witnesses testifying in court."); *see also* Fed. R. Crim. P. 15.

**17.   Date of Request _____ day of _____, 2026.**

By: _____
Judge Sean P. Flynn
U.S. District Court for the Middle District of Florida
Sam M. Gibbons United States Courthouse
801 North Florida Ave.
Courtroom 11B
Tampa, FL 33602
USA