UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:23-cr-342-JSM-SPF

LUIS CARLOS DIAZ MARTINEZ
_____/

**ORDER**

Before the Court is defendant Luis Carlos Diaz Martinez's Motion for Issuance of Letters Rogatory and Rule 17 Subpoena to the Republic of Colombia (Doc. 340). Specifically, Martinez requests the production of the following categories of documents:

a. Any and all documents, reports, memoranda, intelligence summaries, or investigative files referencing or relating to Luis Carlos Diaz Martinez;
b. Any communications between Colombian authorities and United States law-enforcement agencies (including DOJ, DEA, DHS, Coast Guard, or U.S. Navy) concerning the Defendant;
c. Any cooperation agreements, witness statements, proffer summaries, or cooperation-related documents involving the Defendant or referencing him;
d. Any documents relating to GPS tracking devices, maritime interdictions, vessel inspections, or naval operations connected to the investigation underlying this case;
e. Any records reflecting benefits, consideration, or inducements provided to Colombian witnesses or cooperators connected to this investigation;
f. Any chain-of-custody, evidence handling, or forensic documentation related to evidence later relied upon by the United States.

(Id.).

Martinez asserts that the request documents "are likely to contain (1) exculpatory information; (2) impeachment material; (3) evidence bearing on witness credibility, bias, or motivation; (4) evidence concerning the scope, direction, and reliability of the investigation; and (5) information relevant to suppression motions, trial preparation, and sentencing issues."

(Id.)

## ANALYSIS

"The standard for issuance of a letter rogatory is the same as if the evidence were located in the United States." *United States v. Van Avermaet*, No. 21-cr-443-TSC-ZMF-4, 2024 WL 3835320, at *1 (D.D.C. Aug. 15, 2024) (outgoing letters rogatory). Rule 17 allows indigent defendants to subpoena witnesses whose presence is a "necessity" to an "adequate defense." Fed. R. Crim. P. 17(b). The subpoena may also order the witness to produce any books, papers, documents, data, or other objects designated by the subpoena. Fed. R. Crim. P. 17(c)(1). Rule 17, however, is "not a discovery device." *United States v. Cunningham*, 705 F. App'x 906, 911 (11th Cir. 2017) (quoting *United States v. Hegwood*, 562 F.2d 946, 952 (5th Cir. 1977)). It was not intended to provide a means of discovery for criminal cases. *United States v. Nixon*, 418 U.S. 683, 698 (1974); *see United States v. Noriega*, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991) (Rule 17 may not be used "as a means for developing investigative leads which would lead to evidence producible at trial.").

In evaluating whether a subpoena for documents should be issued under Rule 17, the Supreme Court has referred favorably to the test requiring the moving party to show all of the following: "(1) that the documents are evidentiary ... and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The Supreme Court summarized this test as requiring the moving party to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700.

2

Courts have noted that the specificity and relevance elements are somewhat heightened in that they "require more than the title of a document and conjecture as to its contents." *United States v. Brown*, No. 11-60285, 2013 WL 1624205, at *3–4 (S.D. Fla. Apr. 15, 2013) (quoting *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992)). "Rather, the rule only reaches *specifically identified documents* that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith." *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984) (citations omitted) (emphasis added).

Here, Martinez is not seeking specifically identified documents that will be admissible at trial. Rather, Martinez seeks broad discovery requests prohibited under Rule 17(c). *See Brown*, 2013 WL 1624205, at *5; *see also United States v. Kipp*, No. 3:15-CR-244, 2016 WL 7209581, at *2 (W.D.N.C. Dec. 9, 2016) (quashing subpoenas casting "a wide net in what appears to be a quest for pretrial discovery outside of the Rule 16 framework"); *United States v. Forbes*, No. 3:02-CR-00264, 2005 WL 8146317, at *4 (D. Conn. Nov. 5, 2005) (rejecting Rule 17(c) subpoenas that "were as broad as any request for production in a civil case could be" and finding that, "contrary to the spirit and purpose of Rule 17(c), the defendants' subpoenas were aimed at obtaining discovery"). Indeed, Martinez seeks to "cast a wide net that betokens a 'general fishing expedition.'" *Nixon*, 418 U.S. at 700.

Accordingly, defendant Luis Carlos Diaz Martinez's Motion for Issuance of Letters Rogatory and Rule 17 Subpoena to the Republic of Colombia (Doc. 340) is **DENIED**.

**Ordered** in Tampa, Florida, on May 1, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

3