**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,                    Case No.

                                                          8:23-cr-00342-JSM-SPF

v.


LUIS CARLOS DIAZ MARTINEZ,

_____/


**DEFENDANT'S MOTION FOR APPOINTMENT OF ADDITIONAL**
**COUNSEL UNDER THE CRIMINAL JUSTICE ACT**

Defendant Luis Carlos Diaz Martinez, by and through his court-appointed counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3006A, the Guidelines for Administering the Criminal Justice Act and Related Statutes (Guide to Judiciary Policy, Vol. 7A), and the Middle District of Florida's Criminal Justice Act Plan, for the appointment of Rebecca Castaneda, Esq., as additional counsel of record. In support, counsel states as follows:

**BACKGROUND**

1. On December 7, 2023, the grand jury returned a Superseding Indictment charging Mr. Diaz Martinez and seven codefendants with conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii), together with related criminal-forfeiture allegations under 21 U.S.C. §§ 853 and 970. (Doc. 21.)

2. Mr. Diaz Martinez is a citizen of Colombia. As alleged, the charged conspiracy concerns maritime cocaine-smuggling activity in the Eastern Pacific Ocean and the Caribbean Sea, with evidence developed in substantial part outside the United States.

3. The Court determined Mr. Diaz Martinez to be financially unable to obtain counsel and appointed undersigned counsel to represent him under the Criminal Justice Act. Undersigned counsel continues to represent Mr. Diaz Martinez and brings this Motion on his behalf.

## **LEGAL STANDARD**

4. The Criminal Justice Act and the policies adopted under it authorize the appointment of more than one attorney in complex cases. The CJA Guidelines provide that "more than one attorney may be appointed in any case determined by the court to be extremely difficult," and the Middle District of Florida has incorporated that standard into its Criminal Justice Act Plan. See 18 U.S.C. § 3006A; Guide to Judiciary Policy, Vol. 7A.

5. Whether to appoint additional counsel rests within the Court's sound discretion and turns on whether doing so is in the interest of justice and necessary to ensure effective and adequate representation. The inquiry is practical: it asks whether the difficulty of the case is such that a single appointed lawyer cannot reasonably furnish the representation to which the defendant is entitled.

## THIS CASE IS "EXTREMELY DIFFICULT" WITHIN THE MEANING OF THE CJA

6. This is a multi-defendant, transnational prosecution. The Superseding Indictment charges eight foreign-national defendants in a cocaine-importation conspiracy spanning two oceans and multiple countries. Coordinating a defense in a case of this scope, scale, and international dimension is materially more demanding than an ordinary single-defendant prosecution.

7. The discovery is voluminous and substantially foreign-sourced. A significant portion of the anticipated discovery was generated abroad and is in the Spanish language, requiring careful review, translation, and analysis to identify exculpatory and impeaching material and to prepare the defense. While a court-appointed interpreter will still be required for certain proceedings and communications, proposed additional counsel's ability to review and work directly with Spanish-language materials will significantly reduce the volume of interpreter and translation services the defense must request, thereby conserving Criminal Justice Act resources. Counsel fluent in the substantive issues and able to work directly with Spanish-language evidence is needed to manage this record efficiently.

8. The case is expected to involve significant litigation concerning confidential informants and cooperating witnesses, including issues of

disclosure, reliability, motive, and impeachment. Litigation of this kind is fact-intensive, time-sensitive, and central to the defense.

9. The case presents international and extradition-related considerations attendant to a foreign-national defendant and foreign-sourced evidence, as well as sensitive matters bearing on the safety of persons connected to the proceedings that require careful and experienced handling.

10. The Government's proof is expected to include maritime-interdiction evidence and electronic location data derived from tracking devices, implicating technical, evidentiary, and jurisdictional questions beyond those presented in the typical narcotics case.

11. Taken together, these features place this prosecution well outside the ordinary and render it "extremely difficult" within the meaning of the Criminal Justice Act, such that the appointment of additional counsel is warranted to ensure adequate representation.

## **PROPOSED ADDITIONAL COUNSEL IS PARTICULARLY QUALIFIED**

12. Rebecca Castaneda, Esq. (Florida Bar No. 1007926), of The Cast Law Firm PLLC, 506 N. Armenia Avenue, Tampa, Florida, maintains a federal practice concentrated in criminal defense and asset forfeiture. Her experience squarely matches the issues this case presents, including litigation involving confidential informants and cooperating witnesses, witness-safety and retaliation concerns, international and extradition

matters, criminal forfeiture, and the review and use of foreign-sourced and Spanish-language evidence. Her appointment would materially strengthen the defense and promote the efficient and effective representation of Mr. Diaz Martinez.

13. Ms. Castaneda is admitted to practice before this Court and is a Criminal Justice Act panel attorney. She is prepared to enter an appearance and assume the responsibilities of appointed counsel upon the Court's order.

## THE APPOINTMENT WILL NOT INCREASE THE COST OF REPRESENTATION FOR TRANSITION OR DUPLICATION

14. Recognizing that the addition of counsel can raise legitimate concerns about cost and duplication of effort, proposed additional counsel has agreed to waive any and all compensation for time spent reviewing the existing record and otherwise familiarizing herself with the case to date. Her appointment therefore will not increase the cost of representation attributable to bringing a second lawyer up to speed. Going forward, counsel will allocate responsibilities between them so as to avoid duplication of effort and to make efficient use of appointed-counsel resources.

## THE DEFENDANT CONSENTS AND REQUESTS THE APPOINTMENT

15. Mr. Diaz Martinez has personally conferred with proposed additional counsel, understands the proposed arrangement, consents to her

appointment, and requests that the Court appoint Ms. Castaneda as additional counsel of record. Undersigned counsel likewise supports the requested appointment and submits that the addition of Ms. Castaneda's specialized experience is necessary to ensure adequate representation in this extremely difficult case.

## CONFERRAL AND STATEMENT OF POSITION

The good-faith-conferral certification required by Local Rule 3.01(g) applies by its terms to a motion filed in a civil action and therefore does not govern this motion in a criminal case. Nevertheless, on June 1, 2026, undersigned counsel contacted Assistant United States Attorney Stoia and Buchanan regarding the relief requested, and a response remains pending.

## CONCLUSION

**WHEREFORE**, Defendant Luis Carlos Diaz Martinez respectfully requests that the Court enter an Order: (1) finding this case to be "extremely difficult" within the meaning of the Criminal Justice Act; (2) appointing Rebecca Castaneda, Esq., as additional counsel of record for Mr. Diaz Martinez pursuant to 18 U.S.C. § 3006A; and (3) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Yuli Kotler_____
Yuli Kotler, Esq.

Florida Bar No. _109505_____
Kotler Law, PLLC
9800 4th Street N., Suite 200
St. Petersburg, FL 33702
Telephone: (813) 355-9822
Facsimile: (813) 200-7268
Email: yk@kotlerlegal.com
Counsel for Defendant Luis Carlos Diaz Martinez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___June 2_____, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_/s/ Yuli Kotler_____
Yuli Kotler, Esq.