**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,
     v.                                CASE NO. 8:23-cr-342-JSM-SPF

LUIS CARLOS DIAZ MARTINEZ,
_____/

**<u>DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE</u>**
**<u>TO THE MOTION FOR APPOINTMENT OF ADDITIONAL COUNSEL</u>**

The Government's Response (Doc. 359) misstates the governing standard, treats a confession-driven prosecution as if it were simple, and faults the Motion for declining to place witness-safety details on the public docket, details Defendant submits today by separate ex parte, under-seal filing. Under the standard that actually governs in this District, this case warrants appointment of additional counsel with the specialized skill set the Plan expressly contemplates.

**I. The Plan's "complex" standard governs, and the case satisfies it.**

Under 18 U.S.C. § 3006A(a), the District's CJA Plan is the operative instrument, and the Plan permits more than one attorney to be appointed "in any case determined by the Court to be complex." The operative test is therefore "complex," a case requiring "the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case." CJA Guidelines § 230.23.40.

1

The Government's observation that the Motion invoked the "extremely difficult" formulation (Resp. 2 n.4) does not change the analysis, because the Court applies the correct legal standard regardless of the label the parties use. In any event, the Government argues that "extremely difficult" and "complex" "align." Resp. 2. If the two align, a showing of complexity suffices; if they differ, the Plan's lower "complex" threshold controls the appointment decision in this District. Either way, the case need only be complex, and it is.

## II. A prosecution built on the defendant's own foreign-language statement is litigation-intensive, not "straightforward."

The Government stakes the case on Mr. Diaz Martinez's 2023 interview, asserting that "much of the evidence comes in the form of Diaz's own words." Resp. 4. That cuts against the Government, not for it. Where the prosecution's proof is the defendant's own statement, the defense is the statement: its voluntariness, the circumstances under which it was obtained, the reliability of the agents' account, and, critically, the accuracy with which a Spanish-language statement was understood, rendered, and recorded in English. Those are evidentiary, technical, and language-dependent questions that call for counsel fluent in Spanish and experienced in cross-border interrogation and informant dynamics. The Government cannot designate the statement as the centerpiece of its case and at the same time call the case simple.

## III. The codefendants' pleas increase, not reduce, the complexity Mr. Diaz Martinez faces at trial.

The Government argues that the case is "no longer a multi-defendant prosecution" because seven of eight defendants have resolved, and that none of the seven sought additional counsel. Resp. 4. But those defendants resolved by plea; none prepared a trial defense, which is where complexity is realized. Mr. Diaz Martinez is the lone defendant proceeding to trial.

More to the point, codefendants who have resolved their cases may testify for the Government against Mr. Diaz Martinez. Their resolutions generate precisely the "disclosure, reliability, motive, and impeachment" litigation the Government concedes accompanies trials (Resp. 4); they do not dispel it. The evidentiary universe Mr. Diaz Martinez must confront at trial remains the entire eight-defendant transnational conspiracy.

## IV. Reciting that each feature appears separately in other cases does not make this case ordinary.

The Government answers the Motion feature by feature: foreign investigations are common, Spanish-language discovery is common, maritime-interdiction evidence is common, and witness impeachment is common. Resp. 4. That proves only that no single feature is unique. Complexity, however, is assessed on the totality, and the Motion's point is the convergence of these features in one trial: foreign-sourced Spanish discovery, cooperating-witness and informant litigation, a confession requiring translation and voluntariness litigation, maritime and satellite-GPS technical proof, and extradition-related questions—all to be handled by a solo practitioner.

The Government's extradition point (Resp. 4 n.6) illustrates the error. The motion the Court resolved at Docs. 178 and 198 concerned dismissal on speedy-trial grounds. The trial-stage extradition issues are different in kind, among them the rule of specialty, authentication of foreign records, and the availability of foreign witnesses. That a discrete pretrial motion was resolved without a second lawyer says nothing about the burden of preparing and trying the case.

## V. The specificity the Government demands is being supplied ex parte and under seal, as witness safety requires.

The Government faults the Motion for not specifying the "significant litigation," "sensitive matters bearing on the safety of persons connected to the proceedings," and "technical, evidentiary, and jurisdictional questions" the case presents. Resp. 5. Those particulars cannot responsibly be set out in a public filing in a transnational drug-trafficking prosecution without risking the safety of the very persons at issue. Contemporaneously with this Reply, and by separate motion, Defendant submits an ex parte, under-seal declaration of current counsel making the particularized showing the Government says is absent.

## VI. The Plan authorizes appointment of the uniquely qualified panel member proposed here, and there is no conflict.

The Government's choice-of-counsel authorities establish only that an indigent defendant has no absolute right to a particular appointed lawyer, a proposition the Motion does not dispute. The Government nonetheless quotes the provision that resolves the question: the Plan permits the Court to "appoint

4

any Panel member in a case which requires a special skill set for which the Panel member is uniquely qualified." Resp. 5. Proposed additional counsel is a member of this District's Criminal Justice Act panel whose practice is concentrated in Spanish-language evidence, confidential-informant and cooperating-witness litigation, witness safety and retaliation, and extradition, the precise skill set this case requires. The request comes from current counsel, who has identified the need, with the client's informed consent; it is not a defendant's unilateral demand for a favored lawyer. And because proposed counsel has waived all compensation for the time required to familiarize herself with the existing record, her appointment raises none of the cost or duplication concerns that underlie the discretionary limits the Government invokes.

The Government's passing suggestion that the Court appoint "another, non-conflicted attorney" (Resp. 6) implies, without any basis in the record, that proposed counsel may be conflicted. She is not. Proposed additional counsel has no relationship to any codefendant, witness, or other party, and no interest adverse to Mr. Diaz Martinez. The Government has identified no conflict and no related matter, and has filed no Notice of Related Action under Local Rule 1.07(c), and the unsupported qualifier should be disregarded.

## CONCLUSION

**WHEREFORE**, for the reasons stated above and in the ex parte submission filed herewith, Mr. Diaz Martinez respectfully requests that the Court (1) find this case "complex" within the meaning of the Plan, and, in the

5

alternative, "extremely difficult" within the meaning of the CJA Guidelines; (2) appoint Rebecca Castaneda, Esq., as additional counsel of record under 18 U.S.C. § 3006A; and (3) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Yuli Kotler_____
Yuli Kotler, Esq.
Kotler Law, PLLC
Florida Bar No. _109505_____
9800 4th Street N., Suite 200
St. Petersburg, FL 33702
Email: yk@kotlerlegal.com
Phone: (813) 355-9822

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on __June 25th_____, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_/s/ Yuli Kotler_____
Yuli Kotler, Esq.

6